**Craig WILLIAMS, individually and as the sole shareholder of Triplex International Corp., Plaintiffs,**

v.

**Clifford H. BRANDT, Sara Investments Limited, a Bahamian corporation, and Roywest Trust Company, Limited, Defendants.**

**No. 86–1697–Civ.**

United States District Court, S.D. Florida, Miami Division.

Oct. 30, 1987.

Rice & Reiser, Arthur Halsey Rice, Miami, Fla., for plaintiffs.

John F. Mariani, Cadwalader, Wickersham & Taft, for Sara Investments Ltd.

Mercedes C. Busto, Bailey, Dawes & Hunt, for Clifford H. Brandt.

### ORDER OF DISMISSAL

SCOTT, District Judge.

Defendants Sara Investments Limited ("Sara") and Clifford H. Brandt have moved the Court to dismiss this case for lack of jurisdiction. Pursuant to earlier rulings, the Court permitted the parties to take discovery limited to the jurisdictional issues. After consideration of the evidence and oral argument, we conclude that the Court lacks subject matter jurisdiction, and dismiss this cause.[1]

A thorough review of the record reveals that all the essentials of the transactions between the parties occurred without the borders of the United States by conscious design of all involved. Whatever the underlying reasons, the participants, including Plaintiff, intended all aspects of their dealings to remain offshore. A Cayman Island corporation was formed to purchase the residual rights in an Irish aircraft for eventual sale to a Nigerian concern. Plaintiff then formed a Bahamian corporation, Triplex, to hold his interest in the Cayman company which owned the residual rights to the aircraft.

In September 1982, with the full knowledge and agreement of Plaintiff, Triplex was voluntarily dissolved in accordance with Bahamian law. The assets of the company were distributed to Williams except for the interest in the Cayman company, which was set as collateral for the promissory note still owed to Brandt. The complaint and Williams' affidavits make clear that Williams did not object at any time to any aspect of the liquidation of Triplex including the distribution of its assets.

In reviewing the authority urged by Plaintiff, this Court finds no support for extending the protections of the United States' securities laws to a transaction of the nature herein. From the very inception, the parties went to great lengths to ensure that all of their dealings remained foreign in all material aspects. They successfully insulated their transactions from any rights and obligations which would attach were the negotiations domestic. Having consciously sought relief from any negative implications perceived inherent in U.S. transactions,[2] Plaintiff cannot now contend that he may invoke the protections of U.S. laws for alleged wrongs stemming from this exclusively foreign deal-gone-sour. *See Kook v. Crang*, 182 F.Supp. 388 (S.D.N.Y.1960). Such was never the intent of Congress when it enacted the Securities and Exchange Act. In fact, the transactions involved "are so predominantly foreign [that] we would be no less than astonished were we to learn that Congress would have wished the precious resources of United States courts and law enforcement agencies to be devoted to a case of this nature." *Fidenas AG v. Compagnie Internationale*, 606 F.2d 5, 10 (2d Cir. 1979); *see also Leasco Data Processing*

---

**1.** Parenthetically, the Court observes that Plaintiff is not left without remedy by this dismissal. Indeed, the same parties are currently engaged in heated litigation involving similar claims and counterclaims in the state circuit court.

**2.** This Court neither infers nor implies any impropriety in the structuring of offshore transactions such as the one described herein.

*Equipment Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir.1972); *Schoenbaum v. Firstbrook*, 405 F.2d 200 (2d Cir.1968) and discussions of congressional intent contained therein.

Having provided the parties with a full and fair opportunity to present their arguments, this Court comes to the obvious conclusion that it lacks subject matter jurisdiction over this cause.[3] Accordingly, it is ORDERED and ADJUDGED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

---

**3.** Because of the grounds for dismissal, the Court need not reach the other arguments raised by the parties.